FILED
2018 Sep-17 PM 03:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| ROGER DALE BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 4:17-cv-00594-JHE |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION[1]

Plaintiff Roger Dale Bailey ("Bailey") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his application for a period of disability and disability insurance benefits ("DIB"). (Doc. 1). Bailey timely pursued and exhausted his administrative remedies. This case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **AFFIRMED**.

### I. Factual and Procedural History

On December 28, 2013, Bailey protectively filed a Title II application for a period of disability and DIB, alleging he became unable to work beginning August 22, 2013. (Tr. 164-65). The claim was denied initially on February 28, 2014. (Tr. 105). Thereafter, Bailey filed a written request for hearing on March 31, 2014. (Tr. 114-15). On August 11, 2015, Bailey appeared from

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 19).

Gadsden, Alabama via video at a hearing before an Administrative Law Judge ("ALJ") in Birmingham, Alabama. (Tr. 45-89). After the hearing, the ALJ denied Bailey's claim on December 4, 2015. (Tr. 40). Bailey sought review by the Appeals Council, but it declined his request on February 8, 2017. (Tr. 1-7). On that date, the ALJ's decision became the final decision of the Commissioner. On April 12, 2017, Bailey initiated this action. (*See* doc. 1).

Bailey was forty-nine years old on the alleged disability onset date. (Tr. 39). Bailey has at least a high school education and previously worked as a Press Operator, Machinist, Welder/Fitter, Coil Assembler, and Construction Equipment Mechanic Helper. (Tr. 38-39).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings supported by substantial evidence. "Substantial evidence may even exist contrary to the findings of the ALJ, and [the reviewing court] may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the

---

[2]In general, the legal standards applied are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

findings cannot be overturned." *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991). However, the Court reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4) whether the claimant can perform his or her past work; and

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

## IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Bailey meets the insured status requirements of the Social Security Act through March 31, 2019, and that Bailey had not engaged in substantial gainful activity since August 22, 2013, the alleged onset date. (Tr. 30). At Step Two, the ALJ found Bailey has the following severe impairments: cirrhosis of the liver with ascites, hepatic encephalopathy, and obesity. (*Id.*). At Step Three, the ALJ found Bailey did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 35).

Before proceeding to Step Four, the ALJ determined Bailey's residual functioning capacity ("RFC"), which is the most a claimant can do despite his impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined that Bailey had the RFC to perform light work as defined in 20 C.F.R. 404.1567(b), with the following non-exertional limitations: He can lift and/or carry

twenty pounds occasionally and ten pounds frequently; can stand and/or walk six hours in an eight-hour day with a ten minute break on the second, fourth, and sixth hours; can sit eight hours in an eight-hour day with a ten minute break on the second, fourth, and sixth hours; can never climb a ladder, rope, or scaffolding; can occasionally climb ramps and stairs; can occasionally stoop, kneel, crouch, and crawl; and can never work around hazardous machinery, at unprotected heights, or driving commercial vehicles. (Tr. 35-38).

At Step Four, the ALJ determined Bailey is unable to perform any past relevant work. (Tr. 38-39). At Step Five, the ALJ determined, based on Bailey's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy Bailey could perform. (Tr. 39-40). Therefore, the ALJ determined Bailey had not been under a disability and denied Bailey's claim. (Tr. 40).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Bailey alleges the following errors:

1. The ALJ failed to evaluate Bailey pursuant to Listing 5.05 Chronic Liver Disease. Additionally, medical information should have been requested if there was doubt as to the application of Listing 5.05.
2. The ALJ's decision is not based on substantial evidence, especially when records submitted to the Appeals Council are considered.
3. The ALJ failed to consider all of Bailey's severe impairments.

5

4. The RFC findings is not supported by substantial evidence, conclusory, and violates SSR 96-8a.
5. The ALJ failed to state adequate reasons for finding Bailey not credible.
6. The Appeals Council failed to review submissions that were new, material, and chronologically relevant.

(Doc. 14 at 1-2).[4]

Having considered these claims, substantial evidence supports the ALJ's determination that Bailey failed to demonstrate a disability, and the ALJ applied the proper standards to reach this conclusion.

### A. The ALJ Properly Considered Bailey's Impairments, Including His Severe Impairments (Issue 3)

Bailey contends the ALJ failed to consider all of Bailey's severe impairments. (Doc. 14 at 32-35). At Step Two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment. *Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). If at this step the ALJ determines there are no severe impairments, then the claimant is determined to be not disabled without further analysis. *See* 20 C.F.R. § 404.1520(c). If the ALJ finds any severe impairments (whether it is one or a combination of impairments), that is enough to satisfy Step Two. *See Hearn v. Comm'r Soc. Sec. Admin.*, 619 Fed. Appx. 892, 895 (11th Cir. 2015) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).

Bailey argues the ALJ erred because he did not follow the proper standard when he found Bailey's gastroesophageal reflux disease, hypertension, hypercholesterolemia, status post chole-cystectomy, osteoarthritis in the shoulder, sinusitis, sleep apnea, hypersomnia, depression, and

---

[4] For clarity of analysis, the undersigned will address these claims in the order of the sequential evaluation process.

anxiety to be non-severe. (Doc. 14 at 32). However, any alleged error would be harmless because (1) the ALJ found at least one severe impairment to satisfy Step Two; and (2) the ALJ explained that he considered all impairments (severe and non-severe) in combination when determining whether Bailey met a Listing and when assessing his RFC. (Tr. 30-40). *See Hern*, 619 Fed. Appx. at 895 (stating that an ALJ's statement that he or she has considered a combination of impairments is adequate to meet the requirement that an ALJ consider the impairments in combination and determine whether the combined impairments render the claimant disabled).

Here, Bailey points to no error that requires remand. The ALJ expressly considered the named impairments; whether they were classified as severe or non-severe had no impact on the outcome.

**B. The ALJ Did Not Err When Assessing Whether Bailey's Impairments Met or Equaled a Listing and Did Not Err by Not Requesting Additional Medical Information (Issue 1)**

Bailey contends the ALJ erred because he failed to evaluate whether Bailey met or equaled Listing 5.05 Chronic Liver Disease. (Doc. 14 at 21). Specifically, Bailey asserts he was first diagnosed with alcohol dependence on April 27, 2007 (tr. 443-46), first diagnosed with cirrhosis on September 24, 2013 (tr. 413-15) and received treatment for cirrhosis from Dr. Steven Henderson from September 24, 2015 through October 20, 2015. (Doc. 14 at 21). He points to Listing 5.05B and 5.05F, arguing that benefits should have been awarded based on these Listings and noting the ALJ found Bailey had cirrhosis of the liver with ascites and hepatic encephalopathy. (*Id.* at 23 (citing tr. 30)).

At Step Three of the Sequential Evaluation Process, the ALJ found Bailey "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. part 404, subpt. P, Appendix 1." (Tr. 35). The ALJ did not

outline each of the Listings she considered, and the Eleventh Circuit does "not require that the [ALJ] mechanically recite the evidence leading to [his] determination." *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir.1986). Specifically, a determination that a claimant's impairments do not meet or equal a Listing may be *implied* from an ALJ's decision. *Hutchison*, 787 F.2d at 1463. Here, the ALJ analyzed all of Bailey's conditions and implicitly found those impairments did not meet or equal Listing 5.05.

Bailey specifically points to Listing 5.05B and Listing 5.05F, which state as follows:

5.05B. Ascites or hydrothorax not attributable to other causes, despite continuing treatment as prescribed, present on at least 2 evaluations at least 60 days apart within a consecutive 6-month period. Each evaluation must be documented by:
    1. Paracentesis or thoracentesis; or
    2. Appropriate medically acceptable imaging or physical examination and one of the following:
        a. Serum albumin of 3.0 g/dL or less; or
        b. International Normalized Ratio (INR) of at least 1.5.

5.05F. Hepatic encephalopathy as described in 5.00D10,[5] with 1 and either 2 or 3:
    1. Documentation of abnormal behavior, cognitive dysfunction, changes in mental status, or altered state of consciousness (for example, confusion, delirium, stupor, or coma), present on at least two evaluations at least 60 days apart within a consecutive 6-month period; and
    2. History of transjugular intrahepatic portosystemic shunt (TIPS) or any surgical portosystemic shunt; or
    3. One of the following occurring on at least two evaluations at least 60 days apart within the same consecutive 6-month period as in F1:
        a. Asterixis or other fluctuating physical neurological abnormalities; or
        b. Electroencephalogram (EEG) demonstrating triphasic slow wave

---

[5] Listing 5.00D10 provides: a. General. Hepatic encephalopathy usually indicates severe loss of hepatocellular function. We define hepatic encephalopathy under 5.05F as a recurrent or chronic neuropsychiatric disorder, characterized by abnormal behavior, cognitive dysfunction, altered state of consciousness, and ultimately coma and death. The diagnosis is established by changes in mental status associated with fleeting neurological signs, including "flapping tremor" (asterixis), characteristic electroencephalographic (EEG) abnormalities, or abnormal laboratory values that indicate loss of synthetic liver function. We will not purchase the EEG testing described in 5.05F3b; however, if you have had this test at a time relevant to your claim, we will make every reasonable effort to obtain the report for the purpose of establishing whether your impairment meets 5.05F.

> activity; or
> c. Serum albumin of 3.0 g/dL or less; or
> d. International Normalized Ratio (INR) of 1.5 or greater.

(*See* doc. 14 at 23). In support of his argument, Bailey asserts that "[i]n his Memorandum, [Bailey] summarized the medical records which substantiate a finding under Listing 5.05B." (Doc. 21 at 3) (referring to doc. 14 at 7-18). This conclusory statement is insufficient to show how the ALJ erred. As to Listing 5.05B, Bailey fails to point to any specific evidence that his ascites is "not attributable to other causes" or exists "despite continuing treatment as prescribed." As to Listing 5.05F, despite a diagnosis in April 2015, based on a report of "occasional confusion" (tr. 586), Bailey fails to point to evidence supporting criteria (2) or (3). Accordingly, Bailey fails to demonstrate how the ALJ erred by implicitly finding these Listings were not met.

Bailey then contends that "[i]f there was any doubt on eligibility under Listing 5.05, the ALJ should have ordered a consultative examination, if needed, to make an informed decision." (Doc. 14 at 23). Although the ALJ has an obligation to develop a full and fair record, there must be a showing of prejudice before the reviewing court can find that the claimant's right to due process was violated to such a degree that remand for further development is warranted. *Graham v. Apfel*, 129 F.3d 1420, 1422-23 (11th Cir. 1997). Prejudice exist where the record contains evidentiary gaps that may cause the ALJ to reach an unfair determination due to the lack of evidence. *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). Bailey fails to point to such an evidentiary gap or show the requisite prejudice. (*See* doc. 14 at 23, 30; doc. 21 at 3).

C. **The ALJ's Findings Are Supported by Substantial Evidence (Issue 2 & 4)**

Bailey asserts the ALJ's decision was not based on substantial evidence,[6] specifically the

---

[6] To the extent Bailey argues the ALJ's decision is not supported by substantial evidence "when records submitted to the Appeals Council are considered" (doc. 14 at 1), such arguments are addressed in the subsection E, discussing the Appeals Council's review.

finding that Bailey retains the residual functional capacity ("RFC") to perform light work. (Doc. 14 at 30, 35-38). He also argues the RFC is conclusory and violates SSR 96-8p. (Doc. 14 at 35).

As an initial matter, the ALJ's assessment of Bailey's RFC is far from conclusory and complies with SSR 96-8p. Bailey points out that SSR 96-8p states "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." (Doc. 14 at 35-38); SSR 96-8p, 1996 WL 374184 at *7. It further instructs that "[i]n assessing RFC, the [ALJ] must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.*

The ALJ found Bailey capable of performing light work with additional non-exertional limitations. (Tr. 35). The ALJ reviewed Bailey's testimony and medical records, including various opinions from doctors, in assessing Bailey's RFC. Bailey's contention that the RFC "does not contain any rationale or reference to the supporting evidence" (doc. 14 at 35) is contradicted by the record.

After considering the record evidence, the ALJ limited Bailey to a reduced range of light work. (Tr. 37). The ALJ found that this would accommodate his alleged cirrhosis symptoms that occur when Bailey over exerts himself. (*Id.*). He also found no additional limitations necessary based on lack of notations in the records regarding diarrhea as well as his activities of daily living. (*Id.*). In response to Bailey's hepatic encephalopathy and resulting "occasional confusion," the

ALJ provided non-exertional limitations. (*Id.*). Furthermore, the ALJ's RFC finding is supported by opinion evidence from Dr. James Stallworth, a State agency medical consultant. (Tr. 37-38). Dr. Stallworth found Bailey could lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk about six hours in an eight-hour day; and sit about six hours in an eight-hour day. (Tr. 38). Dr. Stallworth's opinion along with the other medical evidence, provide substantial evidence to support the ALJ's RFC determination. Bailey's assertion that the RFC is conclusory and lacks rationale is without merit.

Additionally, Bailey alleges that the ALJ's decision is not supported by substantial evidence because the hypothetical question presented to the vocational expert ("VE") did not include all of Bailey's limitations and impairments. (Doc. 14 at 31). Although Bailey is correct that a VE's testimony must be based on a hypothetical matching the claimant's limitations and impairments, he fails to show how the hypothetical was insufficient. (*See* doc. 14 at 30-31). Instead, he appears to reference a previous argument that the ALJ should have found Bailey met Listing 5.05. (*Id.* at 30). For the reasons explained above, that argument lacks merit.

### D. The ALJ Provided Proper and Adequate Reasons for Finding Bailey's Subjective Complaints Not Consistent with Other Evidence (Issue 5)

Bailey contends the ALJ failed to set forth adequate reasons for finding Bailey's subjective testimony less than fully credible. (Doc. 14 at 41). Upon review of the record, the ALJ applied the proper standards, and the ALJ's finding that Bailey's subjective complaints were not consistent with other evidence is supported by substantial evidence. (*See* tr. 35-38).

When a claimant attempts to prove disability based on his subjective complaints, he must provide evidence of an underlying medical condition, and either objective medical evidence confirming the severity of his alleged symptoms or evidence establishing that his medical condition could reasonably be expected to give rise to his alleged symptoms. 20 C.F.R. §

404.1529(a), (b); SSR. 96-7p;[7] *Wilson*, 284 F.3d at 1225-26.

Determinations regarding the "credibility" of those subjective complains are the province of the ALJ. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citing *Moore v. Barnhart*, 405 F.2d 1208, 1212 (11th Cir. 2005). The ALJ must consider any relevant evidence in the record when assessing the credibility of a claimant's allegations, and when a credibility determination is crucial to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)  The reviewing court will not disturb a clearly articulated credibility finding supported by substantial evidence. *Id.* (citing *Foote*, 67 F.3d at 1562).

Bailey asserts that "[t]he 'reasons' set out in the body of the decision by the ALJ are not adequate reasons for finding the claimant not credible." (Doc. 14 at 41; doc. 21 at 9-10). In support of this assertion, Bailey points to his testimony that he is afraid to go out to participate in family events or other activities because he has to use the bathroom a lot and he is afraid he will experience fecal incontinence, as he has in the past. (Doc. 14 at 40) (citing tr. 60). Bailey further testified that during the hours of 9:00 am and 5:00 pm, he usually goes to the bathroom at least five times. (*Id.*). (citing tr. 66). Bailey also points to his testimony that he has suffers from "confusion" and has for the last eighteen months to two years, where he cannot concentrate or focus. (*Id.* at 41) (citing tr. 74-75). Bailey then testified he does not have trouble remembering to take his medicine because he tries to remember to lay them out at night. (*Id.*) (citing tr. 74-75).

---

[7] SSR 1603p superseded SSR 96-7p, effective March 28, 2016. Because the ALJ's decision was issued before this date, the ALJ followed the correct SSR in place at the time of the decision. *See Hargress v. Soc. Sec. Admin. Comm'r*, 874 F.3d 1289-90 (11th Cir. 2017) (holding that SSR 16-3p does not apply retroactively).

Here, the ALJ stated that, "[a]fter careful consideration of the evidence, I find that [Bailey's] medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Bailey's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 35). The ALJ considered Bailey's testimony that he has to use the restroom frequently because of his cirrhosis, but noted Bailey reported that he takes no medication for the condition (because he is afraid to because of his liver condition) and has not been prescribed any by a doctor. (Tr. 36, 60, 411-15). The ALJ also acknowledged the notation in Bailey's records that he reported experiencing diarrhea all the time in December 2013, but those records indicate no weight change and there is no further mention of diarrhea in the medical evidence of record. (Tr. 36, 411, 493, 496, 501). The ALJ also acknowledges that Bailey testified that he would get nauseous and sick when he over-exerted because of his cirrhosis; however, the ALJ also acknowledged that medical records show various doctor visits for cirrhosis treatment with no complaints about abdominal pain, nausea, or vomiting. (Tr. 37, 73-74, 351, 492, 501, 580).

Additionally, the ALJ found Bailey's activities of daily living inconsistent with his allegations of the limiting effects of his symptoms and found Bailey's employment application inconsistent with his complaints of inability to work. (Tr. 36, 52-53). Although not dispositive, a claimant's activities may show that his symptoms are not as severe as alleged, 20 C.F.R. § 404.1529(C)(3)(i), and the ALJ did not unduly rely on Bailey's activities or find them to be dispositive evidence of his ability to work. The ALJ noted that Bailey testified he could cook, wash dishes, vacuum, do laundry, sweep, mop, and change sheets on his bed (tr. 36, 58-59, 197-99), and that Bailey reported being self-employed in January 2015, doing welding and grinding and lifting up to fifty pounds (tr. 36, 56-57, 524). The ALJ also pointed to treatment notes from a

13

primary care physician in February 2015, that document Bailey was trying to remodel a house for his father. (Tr. 36, 65, 573).

The ALJ provided adequate reasons for finding Bailey's subjective complaints less than fully credible. Bailey's allegations to the contrary are not supported by the record.

**E. The Appeals Council Properly Reviewed the Additional Evidence (Issue 6)**

After the ALJ's decision, Bailey submitted evidence to the Appeals Council. (Tr. 1-7, 616-17). Bailey now contends the Appeals Council did not consider some of these records, specifically records from Lakeshore Family Practice dated July 20, 2015, that were new, material, and chronologically relevant. (Doc. 14 at 42-43).

A claimant may present new evidence at each stage of the administrative process, including to the Appeals Council. *See* 20 C.F.R. §§404.900(b), 416.1400(b); *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007). The Appeals Council, however, is only required to consider such evidence if it is new, material, and chronologically relevant. 20 C.F.R. §§ 404.970, 416.1470. When the Appeals Council considers newly submitted evidence, but then denies review (as it did here) the reviewing court must consider whether the new evidence renders the ALJ's decision erroneous by undermining the substantial evidence supporting the ALJ's decision. *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 785 (11th Cir. 2014); *Ingram*, 496 F.2d 1262.

To the extent Bailey argues the Appeals Council did not consider this evidence, it is apparent that the Appeals Council considered the July 20, 2015 records, because the Appeals Council Exhibit List includes Exhibit 14F Records from Lakeshore Clinic, covering the period July 20, 2015 through August 10, 2015. (Tr. 5). Furthermore, the Notice of Appeals Council Action expressly identifies the additional evidence that it did not consider, and the July 20, 2015

14

records are not included.[8] Furthermore, the Appeals Council is not required to provide a detailed discussion of the new evidence when it is denying review. *See Mitchell,* 771 F.3d at 783, 785; *Ingram*, 496 F.3d at 1262. Because the Appeals Council considered the July 20, 2015 records, but denied review, the only question for this Court is whether the new evidence renders the ALJ's decision erroneous by undermining the substantial evidence supporting the ALJ's decision. *See Mitchell,* 771 F.3d at 785; *Ingram*, 496 F.2d 1262.

Bailey provides little, if any, argument to show how this new evidence undermines the substantial evidence supporting the ALJ's decision. Bailey's brief summarizes the records, which indicate as follows:

> Subjective:
> Chief Complaints: Pt is here to discuss depression. He is tearful. He is currently taking Zoloft.
> Present illness: 1) He is under a lot of stress, about to loose [sic] his house, and cars and his wife is moved out. Next month on Aug 11 he is going for a hearing of the SSI and he hopes to get it approved and it has been 2 years and he cannot work because he has to go to the bathroom frequently and gets nauseated. He has liver failure and is not on a transplant list. He is staying away from alcohol since March. He has a good friend that pass away from MI, that has made him depressed. HE is tearful at times which [sic] when describing the situation. He has thoughts of suicide at time [sic] but has two twins grandchild [sic] and more grandchildren on the way.
> 2) He did go for a sleep study on July 11th and has not had the results and changed his phone.

---

[8] The Notice of Appeals Council Action includes the following:

"We also looked at the records from Lakeshore Clinic, covering the period December 10, 2015 through August 15, 2016 (2 pages). The Administrative Law Judge decided your case through December 1, 2015. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 1, 2015."

(Tr. 2). Bailey does not challenge the Appeals Council's finding that these records were not chronologically relevant. (Doc. 14 at 42-45). To the extent that a single reference to this text and a citation to *Washington v. Social Security Admin.*, 806 F.3d 1317 (11th Cir. 2015), could be construed as such, Bailey provides not argument as to how these records from a later date are chronologically relevant.

15

3) He has not seen a psychiatrist before but did see a psychologist. He thinks that he has had all his life because he remembers crying all if wife [sic]. His sister [sic] depressed.

(Tr. 616). However, the "review of symptoms" section in the records indicate that Bailey had no weight change, no headaches, dizziness, or lightheadedness, and no GI changes. (Tr. 617). Objective findings included that Bailey was well-developed and well-nourished. (*Id.*). He was alert and oriented to person, place, and time. (*Id.*). External examination of his abdomen revealed normal bowel sounds and that the abdomen was flat, soft, and nontender, without rebound or guarding. (*Id.*). There was no evidence of masses, normal percussion, and slight distention. (*Id.*). The records include the following diagnoses: cirrhosis of liver (alcoholic), depression, chronic diarrhea, sleep disorder, and hypertension. (Tr. 617). The only medication prescribed was Brintellix, an antidepressant. (*Id.*). Bailey was advised to follow-up in two weeks. (*Id.*).

Bailey fails to show how anything in these records undermines the substantial evidence supporting the ALJ's decision. Bailey provides no analysis whatsoever to demonstrate how this evidence adds to or contradicts the medical evidence the ALJ considered. As such, Bailey does not carry his burden to show the Appeals Council erred in its decision.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security denying Bailey's claim for a period of disability and disability insurance benefits is **AFFIRMED** and this action **DISMISSED WITH PREJUDICE.**

DONE this 17th day of September, 2018.

**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE